IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01560-KLM
(Arapahoe County-Littleton, Colorado, Case No. 2023C038053)

CENTENNIAL EAST APARTMENTS LP,

    Plaintiff,

v.

RABIHAH HARRISON,

    Defendant.

## ORDER FOR SUMMARY REMAND

This matter is before the Court on the Notice of Removal filed *pro se* by Defendant Rabihah Harrison on June 20, 2023. (ECF No. 1). Defendant attempts to remove a civil unlawful detainer action originally filed in Arapahoe County (Littleton), Colorado, County Court, Case No. 2023C038053. (*See id.*). With the notice of removal, Defendant attaches a "Notice of Trial/Hearing," a "Notice of Appearance," a "Forcible Entry and Detainer (Fed) Trial Preparation" guide, and a motion for judgment on the pleadings. (*Id.* at 3-8). As grounds for removal, Defendant "seeks removal to this court due to plaintiff's violations of the Fair Debt Collection Practices Act." (*Id.* at 1).

The Court must construe the notice of removal liberally because Defendant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be remanded to state court.

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005). Furthermore, a notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

Defendant has not complied with the removal procedures in § 1446 because copies of all process, pleadings, and orders served upon Defendant have not been filed with the notice of removal. Moreover, Defendant fails to provide a short and plain statement of the grounds for removal that demonstrates the Court would have had jurisdiction if the case had been filed in federal court originally. Defendant's one-sentence reference to the Fair Debt Collection Practices Act (FDCA) fails to identify a federal claim in the plaintiff's state-court complaint to serve as grounds for removal. *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1026 (10th Cir. 2012) ("The district court's task . . . is to look to the way the [state court plaintiff's] complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States."). Likewise, insofar as Defendant intends to raise the FDCA as a defense to the state suit, "neither anticipation by a plaintiff nor assertion by a defendant of a defense based on federal law—including a preemption defense—is enough to confer federal jurisdiction." *Id.* at 1025.

Defendant also fails to establish diversity jurisdiction. Defendant does not allege that all plaintiffs and all defendants are citizens of different states. The plaintiff is a

2

limited partnership, which is an unincorporated entity. (ECF No. 1 at 1). "[A]n unincorporated entity's citizenship is typically determined by its members' citizenship[.]" *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). But Defendant does not identify all members of the limited partnership or their citizenship. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant"). And the citizenship of Defendant is not identified in any of the submitted filings. As a result, diversity jurisdiction has not been established. Defendant therefore fails to demonstrate that the Court would have had jurisdiction if the state case had originally been filed in federal court.

Accordingly, it is

ORDERED that this action is summarily remanded to the Arapahoe County (Littleton), Colorado, County Court. It is

FURTHER ORDERED that the clerk of this Court shall mail a certified copy of this order to the clerk of the Arapahoe County (Littleton), Colorado, County Court, located at 1790 W Littleton Blvd., Littleton, Colorado 80120. It is

FURTHER ORDERED that all pending motions are DENIED AS MOOT.

DATED at Denver, Colorado, this   22nd   day of     June      , 2023.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court